**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Allen Hughes, ) | No. CV 12-697-PHX-GMS (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Jospeh M. Arpaio, et al., ) | |
| Defendants. ) | |

On April 2, 2012, Plaintiff Cory Allen Hughes, who was then confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. On April 17, 2012, Plaintiff filed a Notice of Change of Address indicating that he was no longer in custody. In an April 27, 2012 Order, the Court granted the Application to Proceed and, because Plaintiff was no longer in custody, gave him 30 days to either pay the full filing fee or show good cause why he could not pay.

On May 29, 2012, Plaintiff filed a Motion (Doc. 7), seeking an extension of time to pay the filing fee because he is indigent and seriously mentally ill. He states that he needs an extension so doctors can stabilize him and, once that happens, he can work and then pay the filing fee.

On June 19, 2012, Plaintiff filed a Notice of Change of Address, indicating that he is again confined in the Mariciopa County Fourth Avenue Jail.

**TERMPSREF**

## I.   May 29, 2012 Motion

The Court will deny as moot Plaintiff's May 29, 2012 Motion. Because Plaintiff is again confined, he can avail himself of the partial payment provisions of 28 U.S.C. § 1915(b)(1). The statutory filing fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

1  allegations may be consistent with a constitutional claim, a court must assess whether there
2  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

3  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
4  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
5  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
6  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
7  94 (2007) (*per curiam*)).

## III.  Complaint

In his one-count Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff Joseph M. Arpaio, the Maricopa County Sheriff's Office, Maricopa County Jail Security/Hospital Scheduling Staff, Dr. Friedman, and Correctional Health Services.

Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment regarding to his medical care. He contends that an orthopedic surgeon ordered Plaintiff to be returned quickly for a surgery on his broken clavicle, but "[j]ail officials went against" the surgeon's orders and waited seven weeks before returning Plaintiff for the surgery. Plaintiff asserts that not only did he have to suffer with a broken bone for seven weeks, he also suffered excessive trauma because, during the surgery, the surgeon had to "scoop away" bone growth. Plaintiff also alleges that he was given ibuprofen, rather than the pain reliever prescribed by the surgeon, and that ibuprofen is toxic to his liver because he has Hepatitis-C.

Plaintiff claims that Defendant Friedman was indifferent to his medical needs because he did not enforce the surgeon's order for a quick return for a surgery, permitted Plaintiff to walk around for seven weeks with a bone that needed to be set, and refused to order the medications prescribed by the surgeon. Plaintiff asserts that Defendant Friedman works for Defendant Correctional Health Services and that Defendants Arpaio and Maricopa County Sheriff's Office are named as Defendants because of "any delays in transportation they caused."

In his Request for Relief, Plaintiff seeks monetary damages.

**IV.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

**A.    Improper Defendants**

Defendant Correctional Health Services is an improper Defendant. Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978). Because Correctional Health Services is an administrative subdivision of Maricopa County and not a municipal corporation, a local governing body or a private corporation, it is not a "person" amenable to suit under § 1983. Maricopa County is responsible for providing medical care to county jail inmates. See Ariz. Rev. Stat. § 11-291(A). Any actions concerning a county policy must be brought against the county itself and not against an administrative subdivision of the county. Thus, Defendant Correctional Health Services is an improper defendant and will be dismissed from this action.

Defendant Maricopa County Sheriff's Office is not a proper defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Moreover, it is the county, not the county sheriff, that is responsible for providing medical care to county jail inmates. See Ariz. Rev. Stat. § 11-291(A). Accordingly, the Court will dismiss Defendant Maricopa County Sheriff's Office.

**B.    Defendant Maricopa County Jail Security/Hospital Scheduling Staff**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

To the extent Plaintiff's allegations regarding "jail officials" could be construed as a reference to Defendant Maricopa County Jail Security/Hospital Scheduling Staff, Plaintiff's allegations are nothing more than vague and conclusory allegations against a group of unnamed individuals. This is insufficient. Therefore, the Court will dismiss without prejudice the Defendant Maricopa County Jail Security/Hospital Scheduling Staff.

### C.     Defendant Arpaio

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

- 5 -

1 Deliberate indifference is a higher standard than negligence or lack of ordinary due 2 care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross 3 negligence will constitute deliberate indifference." Clement v. California Dep't of 4 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter 5 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or 6 "medical malpractice" do not support a claim under § 1983). "A difference of opinion does 7 not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. 8 Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is 9 insufficient to state a claim against prison officials for deliberate indifference. See Shapley 10 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference 11 must be substantial. The action must rise to a level of "unnecessary and wanton infliction 12 of pain." Estelle, 429 U.S. at 105.

13 Plaintiff's vague and conclusory allegation that Defendant Arpaio may have caused 14 "delays in transportation" is insufficient to state a deliberate indifference claim against him. 15 Thus, the Court will dismiss without prejudice Defendant Arpiao.

16 **V.    Claims for Which an Answer Will be Required**

17 Liberally construed, Plaintiff has stated a Fourteenth Amendment deliberate 18 indifference claim against Defendant Friedman. The Court will require Defendant Friedman 19 to answer the Complaint.

20 **VI.   Warnings**

21 **A.    Release**

22 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. 23 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay 24 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result 25 in dismissal of this action.

26 **B.    Address Changes**

27 Plaintiff must file and serve a notice of a change of address in accordance with Rule 28 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

1 relief with a notice of change of address. Failure to comply may result in dismissal of this
2 action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's May 29, 2012 Motion (Doc. 7) is **denied as moot**.

(2)     Defendants Arpaio, Maricopa County Sheriff's Office, Maricopa County Jail Security/Hospital Scheduling Staff, and Correctional Health Services are **dismissed** without prejudice.

(3)     Defendant Friedman must **answer** the Complaint.

(4)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Friedman.

(5)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing

TERMPSREF

- 7 -

1 of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
2 may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

3 (7) The United States Marshal must retain the Summons, a copy of the Complaint,
4 and a copy of this Order for future use.

5 (8) The United States Marshal must notify Defendant of the commencement of this
6 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7 Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The**
8 **Marshal must immediately file signed waivers of service of the summons. If a waiver**
9 **of service of summons is returned as undeliverable or is not returned by Defendant**
10 **within 30 days from the date the request for waiver was sent by the Marshal, the**
11 **Marshal must**:

12 (a) personally serve copies of the Summons, Complaint, and this Order upon
13 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

14 (b) within 10 days after personal service is effected, file the return of service
15 for Defendant, along with evidence of the attempt to secure a waiver of service of the
16 summons and of the costs subsequently incurred in effecting service upon Defendant.
17 The costs of service must be enumerated on the return of service form (USM-285) and
18 must include the costs incurred by the Marshal for photocopying additional copies of
19 the Summons, Complaint, or this Order and for preparing new process receipt and
20 return forms (USM-285), if required. Costs of service will be taxed against the
21 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
22 Procedure, unless otherwise ordered by the Court.

23 (9) **If Defendant agrees to waive service of the Summons and Complaint, he**
24 **must return the signed waiver form to the United States Marshal, not the Plaintiff.**

25 (10) Defendant must answer the Complaint or otherwise respond by appropriate
26 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
27 Rules of Civil Procedure.

28

(11)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 21st day of June, 2012.

/s/ A. Murray Snow

/G. Murray Snow
United States District Judge