**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cory Allen Hughes, | ) | No. CV-12-697-PHX-GMS (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Richard Friedman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Release of Medical Files, doc. 17, and Plaintiff's Motion for Time Extension for Service Packet, doc. 20.

**I. Service on Defendant Friedman**

On October 23, 2012, the Court directed the Clerk of Court to send Plaintiff a service packet for Defendant Dr. Richard Friedman,[1] the only remaining defendant in this action. (Doc. 16) On November 15, 2012, Plaintiff filed a Motion to Amend Service Forms because he felt he may have incorrectly captioned them. (Doc. 19) On November 16, 2012, Plaintiff filed a Motion for Extension of Time in which Plaintiff sought a new service packet and an extension of time in which to return the packet. (Doc. 20) On December 20, 2012, the United States Marshal Service ("USMS") filed a signed and completed Waiver of Service form, indicating Defendant Dr. Richard Friedman waived service of process. (Doc. 21) With

---
[1] The Waiver of the Service of Summons indicates that the Defendant's name is Dr. Richard Friedman. (Doc. 21 at 2)

Defendant Friedman having accepted service, Plaintiff's request for additional service forms and an extension of time for service will be denied as moot.

**II. Obtaining A Party's Own Medical Records**

In Plaintiff's second motion, he requests the Court order Maricopa County's Correctional Health Services ("CHS") to release Plaintiff's own "medical files," dating back to October 2011, in order to assist him with his defense. (Doc. 17 at 1) Plaintiff does not identify what specific portion of his medical files or records he seeks. Plaintiff also states that he is unable to pay for any copies because he is an indigent inmate, implying he should be not required to pay for copies of the medical records he seeks. (*Id.*) Plaintiff does not indicate whether he has signed an appropriate medical authorization and tendered payment for copies of his medical records, but CHS has refused to produce them, or why good cause exists to permit discovery before Defendant Friedman has appeared in this action. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007) ("Under HIPAA, an individual has the right to obtain copies of his medical records for a reasonable, cost-based fee, while third parties who seek the same records may be charged at a higher rate.") (citing 45 C.F.R. § 164.524(c)(4)).

Federal Rule of Civil Procedure 34(a)(1) provides that a party may serve upon another party a request in compliance with Rule 26(b), Fed.R.Civ.P., "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" certain items listed within the rule. CHS was dismissed as a party in this lawsuit on June 21, 2012. (Doc. 9) Rule 34 applies to production by a *party* in an action, and not non-parties. *Hawks v. Dinna*, 2006 WL 2806557, at *1 (W.D.N.Y. Sept. 28, 2006) (citing Fed.R.Civ.P. 34(c) (emphasis added).

Even though Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C.1915(d), he is responsible for paying all fees and costs associated with subpoenas, including the costs of his own medical records. *See Garcia v. Grimm*, 2012 WL 216565, at *5 (S.D. Cal. Jan. 23, 2012) (citing *Tedder v. Odel*, 890 F.2d 210, 211, 212 (9th Cir. 1989); *see also Alexander v. Plainer*, 390 F.Appx 724, 726 (9th Cir. 2010) ("The district court

rightly exercised its discretion by denying [Plaintiff's] request to subpoena a particular correctional officer because [Plaintiff] did not pay the required witness and mileage fees . . . ."). If a subpoena requires a person's attendance, fees for one day's attendance and mileage must be tendered concurrent with service. Fed.R.Civ.P. 45(b)(1); *see also* 28 U.S.C. § 1821. These fees are not waived based on a plaintiff's *in forma pauperis* status. *Tedder*, 890 F.2d at 211-12; *see also Manning v. Masters*, 2012 WL 1431359, at *1 (D. Nev. April 25, 2012) ("Although section 1915 does allow commencement of a suit without prepayment of fees and costs upon a showing of indigency, it does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs.").

Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Because Plaintiff is proceeding *in forma pauperis*, he is generally entitled to obtain service of a subpoena *duces tecum* by the USMS. 28 U.S.C.1915(d). The Federal Rules of Civil Procedure also authorize the production of documents pursuant to a subpoena *duces tecum* without the actual appearance of a person. *See* Rule 45(c)(2)(A), Fed.R.Civ.P.

The issuance of a subpoena *duces tecum*, however, is subject to limitations. *See* Rule 45(c), Fed.R.Civ.P. For example, a subpoena *duces tecum* is limited by the relevance standards set forth in Rule 26(b)(1), Fed.R.Civ.P. ("[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense. . . .") (emphasis added), and considerations of the burden and expense set forth in Rules 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Heilman v. Lyons*, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010) (quoting *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"); *see also United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); Rule 45(c)(1), Fed.R.Civ.P. ("A party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid

imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party . . . who fails to comply."). Some district courts have required a motion for issuance of a subpoena *duces tecum* supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010).

Plaintiff has not demonstrated the CHS has wrongfully denied his request for his own medical records after signing an appropriate medical authorization and tendering payment. Additionally, it is premature for Plaintiff to engage in discovery and there has been no showing that Plaintiff has served a subpoena on CHS in compliance with Fed.R.Civ.P. 45. Therefore, the Court will deny Plaintiff's motion seeking production of his medical files from CHS. In light of the Court's ruling, it need not reach the issue as to who shall bear the costs of the discovery request.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Time Extension for Service Packet and Request for a New Service Packet, doc. 20, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Release of Medical Files, doc. 17, is **DENIED** without prejudice.

Dated this 8th day of January, 2013.

Lawrence O. Anderson
United States Magistrate Judge