**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Allen Hughes, | No. CV-12-697-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. Richard Friedman, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Amend Complaint. (Doc. 33) Also pending is Defendant Dr. Richard Friedman's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. 24)

**I. Background**

On April 2, 2012, Plaintiff filed his original Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1) On June 21, 2012, the Court conducted its mandatory screening of Plaintiff's Complaint pursuant to 28 U.S.C. 1915A(a). (Doc. 9)  In his one-count Complaint, the Court allowed the Plaintiff's Eighth Amendment medical care claim to go forward against Defendant Friedman.  The Court dismissed the remaining defendants as improper defendants.  (Doc. 9)

On February 19, 2013, Plaintiff filed a Motion to Amend Complaint to Reinstate Correctional Health Services ("CHS") as a proper defendant. (Doc. 33) In his Motion, Plaintiff contends that CHS overrode Doctor Dewanjee's scheduling recommendations and

1 that it took 54 days before he was seen at the hospital for his broken collar bone.

2 **II. Motions to Amend**

3 Pursuant to Rule 15(a)(1)(B), Federal Rules of Civil Procedure ("Fed.R.Civ.P."),
4 Plaintiff may amend his pleading once, as a matter of course "if the pleading is one to which
5 a responsive pleading is required, 21 days after service of a responsive pleading. . . ." Rule
6 15(a)(2), Fed.R.Civ.P., allows a party to amend a pleading at any time with leave of the court
7 or if the opposing party consents, and directs that leave should be freely granted "when
8 justice so requires." Ninth Circuit case law strongly supports a liberal approach to allowing
9 amendments. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) ("[W]e have repeatedly
10 stressed that the court must remain guided by the underlying purpose of Rule 15 . . . to
11 facilitate decision on the merits, rather than on the pleadings or technicalities."). 
12 Fed.R.Civ.P. 15(a)(2). Rule 15(a), however, gives the district court discretion to deny leave
13 to amend for reasons such as: (1) undue delay, (2) bad faith, (3) prejudice to the opposing
14 party, (4) futility of amendment, and (5) whether plaintiff has previously amended his
15 complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Western Shoshone Nat'l Council v.*
16 *Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a
17 complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885
18 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a
19 motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

20 Local Rules of Civil Procedure ("LRCiv.") 15.1(a) provides "[a] party who moves
21 for leave to amend a pleading must attach a copy of the proposed amended pleading as an
22 exhibit to the motion, which must indicate in what respect it differs from the pleading which
23 it amends, by bracketing or striking through the text to be deleted and underlining the text
24 to be added. The proposed amended pleading must not incorporate by reference any part of
25 the preceding pleading, including exhibits."

26 **III. Discussion**

27 Defendant Friedman executed a waiver of service on November 19, 2012, doc. 21,
28 and Defendant filed his Motion to Dismiss on January 18, 2012. (Doc. 24)   It has been more

- 2 -

than 21 days since service of the responsive pleading. Therefore, Plaintiff must move to amend pursuant to Rule 15(a)(2), Fed.R.Civ.P., which he has done.

The entity Plaintiff seeks to reinstate, Correctional Health Services, was previously dismissed as an improper defendant. (Doc. 9) As stated in the dismissal order:

> Defendant Correctional Health Services is an improper Defendant. Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. Monell v. Department of Soc. Servs.of NY, 436 U.S. 658, 690-91 (1978). Because Correctional Health Services is an administrative subdivision of Maricopa County and not a municipal corporation, a local governing body or a private corporation, it is not a "person" amenable to suit under § 1983. Maricopa County is responsible for providing medical care to county jail inmates. See Ariz. Rev. Stat. § 11-291(A). Any actions concerning a county policy must be brought against the county itself and not against an administrative subdivision of the county. Thus, Defendant Correctional Health Services is an improper defendant and will be dismissed from this action.

(Doc. 9) Therefore, amendment to add Correctional Health Services, a non-jural entity, would be futile as it is not a proper defendant.

Importantly, Plaintiff has failed to comply with LRCiv 15.1(a) by not attaching a copy of the proposed amended pleading as an exhibit to Plaintiff's Motion. Because Plaintiff has failed to comply with LRCiv 15.1(a), and further, amendment in this case would be futile as the party Plaintiff wishes to add was previously dismissed as an improper defendant, Plaintiff's Motion to Amend will be denied.

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint, doc. 33, is **DENIED.**

**IT IS FURTHER ORDERED** that the parties must use the above caption until further order of the Court.

Dated this 18th day of March, 2013.

Lawrence O. Anderson
United States Magistrate Judge