**WO**  JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Allen Hughes,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | No. CV 12-0697-PHX-GMS (LOA)<br><br>**ORDER** |

Plaintiff Cory Allen Hughes brought this civil rights action under 42 U.S.C. § 1983 against Dr. Friedman, a physician at the Maricopa County Jail (Doc. 1).[1] Before the Court are Defendant's Motion to Dismiss for failure to state a claim and for failure to exhaust administrative remedies (Doc. 24) and Plaintiff's Motion for the Court to Rule on Plaintiff's Response (Doc. 35).

The Court will grant Plaintiff's motion and deny Defendant's motion.

**I.    Background**

Plaintiff's claim arose during his confinement at the Fourth Avenue Jail in Phoenix, Arizona (Doc. 1). He averred that when he entered the jail, there were orders from an orthopedic surgeon for Plaintiff to return quickly to the Maricopa Medical Center for surgery on his broken clavicle (id. at 3). Plaintiff alleged that Defendant was indifferent to Plaintiff's

---

[1] On screening, the Court dismissed Arpaio, the Maricopa County Sheriff's Office (MCSO), the Maricopa County Jail Security/Hospital Scheduling Staff, and Correctional Health Services (CHS) as Defendants (Doc. 9).

medical needs because he did not follow the surgeon's order and permitted Plaintiff to go seven weeks with a bone that needed to be set (id.). Plaintiff stated that as a result, during his subsequent surgery, the surgeon had to remove bone growth, which caused excessive trauma (id.). Plaintiff further alleged that Defendant refused to order the medications that were prescribed by the surgeon (id.).

On January 18, 2013, Defendant filed his Motion to Dismiss Plaintiff's claim on the grounds that he failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and he failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 24).[2] Plaintiff moved for an extension to file his response (Doc. 28). In an Order dated February 15, 2013, the Court granted Plaintiff's motion and set a response deadline of March 8, 2013 (Doc. 30). But before Plaintiff received the Court's Order, he mailed in his response memorandum, which the Court received on February 19, 2013 (Doc. 32, signed by Pl. on Feb. 12, 2013)). Thereafter, Plaintiff filed a motion requesting that the Court consider his February 19, 2013 response memorandum when deciding Defendant's Motion to Dismiss (Doc. 35).

The Court will grant Plaintiff's motion and consider his February 19 response.

**II.     Federal Rule of Civil Procedure 12(b)(6)**

**A.     Governing Standard**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare Sys. LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

---

[2]Upon the filing of Defendant's motion, the Court issued the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. 27).

- 2 -

Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts pleaded allow the court to make the reasonable inference that the defendant is liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). A court may not consider evidence outside the pleadings unless it converts that Rule 12(b)(6) motion into a Rule 56 motion for summary judgment and gives the nonmovant an opportunity to respond. Fed. R. Civ. P. 12(d); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider documents attached to the complaint or incorporated by reference in the complaint, or matters of judicial notice, without converting the motion into a summary judgment motion. Ritchie, 342 F.3d at 908.

**B.     Analysis**

In support of their Rule 12(b)(6) motion, Defendant submits the affidavit of Dr. Jeffrey Alvarez, CHS Medical Director (Doc. 24, Ex. B). According to Defendant, the facts set forth by Dr. Alvarez establish that Plaintiff's allegations fail to state a claim (Doc. 24 at 9-12). But Dr. Alvarez's affidavit is evidence outside of the pleadings and it does not constitute any type of document that the Court may consider when ruling on a Rule 12(b)(6) motion. See Ritchie, 342 F.3d at 908. The Court declines to convert Defendant's motion into one for summary judgment because, as a pro se litigant, Plaintiff is entitled to a specific notice prior to responding to a summary judgment motion. See Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (en banc). No such notice was provided in this case; thus, Defendant's request for dismissal pursuant to Rule 12(b)(6) will be denied.[3]

---

[3] Dr. Alvarez's affidavit is nonetheless insufficient because the medical records upon which he relies are not attached to his affidavit (see Doc. 24, Ex. B, Alvarez Aff. ¶ 4). See Fed. R. Civ. P. 56(c)(1)(A); see also Fed. R. Civ. P. 56, Advisory Comm. notes, 2010 Amendment ("The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be

**IV.    Exhaustion**

    **A.    Governing Standard**

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. There can be no absence of exhaustion unless a defendant demonstrates that applicable relief remained available in the grievance process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion; therefore, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. And when considering disputed issues of fact, a court has broad discretion as to the method used in resolving the dispute because "there is no right of jury trial" as to an issue arising in a pre-answer motion. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

    **B.    Parties' Contentions**

        **1. Defendant's Motion**

Defendant first argues that Plaintiff failed to exhaust his claim that Defendant refused to order medications prescribed by the surgeon (Doc. 24 at 5-6). In support of his motion, Defendant submits the affidavit of Lourdes Hernandez, a Sergeant assigned to the Inmate Hearing Unit (Doc. 24, Ex. A, Hernandez Aff. ¶ 1). Hernandez avers that the inmate

---

supported by materials in the record").

- 4 -

grievance procedures are set forth in MCSO Policy DJ-3 and that inmates are notified of the grievance procedures when they receive the "MCSO Rules and Regulations for Inmates" (id. ¶¶ 3-4). According to Hernandez, the three-tiered grievance system includes (1) the initial grievance and decision by the Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal (id. ¶ 4).

Hernandez states that she reviewed the inmate grievance records for Plaintiff and identified two grievances that relate to the denial-of-medication claim (Doc. 24, Ex. A, Hernandez Aff. ¶¶ 6, 7, 16). These two grievances were filed on January 28 and 29, 2012 (id. ¶ 16, Attach. 6). In his grievances, Plaintiff states that he had surgery on January 23, 2012, and since his surgery he has not received medications and an immobilizing sling ordered by the surgeon (id.).

In his motion, Defendant argues that Plaintiff's grievances were untimely because they were filed 5 and 6 days after his surgery, and the MCSO grievance policy requires that grievances be submitted within 48 hours of the incident being grieved (Doc. 24 at 6). Defendant further argues that Plaintiff failed to exhaust administrative remedies for these two grievances (id.). For these reasons, Defendant contends that Plaintiff failed to properly exhaust and his denial-of-medication claim must be dismissed (id.).

Next, Defendant argues that Plaintiff failed to make a good faith effort to resolve his complaint about the delay in scheduling surgery (id. at 12). Defendant states that under the MCSO Rules and Regulations, inmates must make a good faith effort to resolve their complaints at the lowest level in the grievance procedure (id., citing Ex. A, Hernandez Aff. ¶ 9). Defendant submits a copy of Plaintiff's December 27, 2011 grievance in which he complained about the delay in scheduling surgery for his broken clavicle (id., Attach. 4). Defendant contends that because Plaintiff waited one month after examination by the orthopedic surgeon before he submitted a grievance about the delay in scheduling surgery, and because he signed his December 27, 2011 grievance "litigiously yours," he did not make a good faith effort to resolve his complaint (Doc. 24 at 13). Defendant also submits a copy of the February 7, 2012 External Hearing Officer's response to Plaintiff's grievance, in

- 5 -

1  which, according to Defendant, the Hearing Officer determined that Plaintiff failed to comply
2  with the good-faith requirement of the MCSO grievance procedures (id., Attach. 5).

### 2. Plaintiff's Response

Plaintiff asserts that the grievances he filed on January 28 and 29, 2012, were effectively moot because his complaint about the medication issue was addressed in the February 7, 2012 External Hearing Officer's response, which he attaches to his opposition (id. at 6, Attach. 3). Plaintiff notes that at the conclusion of the Hearing Officer's response, it states "[t]his concludes the formal Inmate Grievance Procedure" (id.). Plaintiff maintains that he raised the medication issue in this grievance that was exhausted pursuant to the grievance policy (id. at 8).

As to the December 27, 2011 grievance, Plaintiff states after writing and speaking to jail medical staff several times, he finally lost faith in the CHS system after waiting 27 days from the date he was referred for surgery (id. at 7-8). Plaintiff explains that inmates are not told when they will be transported for security reasons; thus, he was unable to properly decide when to initiate the grievance process (id. at 8). Plaintiff avers that had he known within 48 hours of the surgery referral that he would have to wait for so long, he would have timely initiated the grievance process (id.).

### 3. Defendant's Reply

In reply, Defendant asserts that Plaintiff admitted in his response that the two grievances concerning pain medication were withdrawn and, according to Defendant, this does not constitute exhaustion of remedies (Doc. 36 at 4). Defendant also argues that the inmate grievance to which the February 7, 2012 Hearing Officer's response related, did not include a complaint about failure to receive pain medication as recommended by the surgeon (id.). Defendant states that, instead, Plaintiff raised the medication issue for the first time in his inmate External Grievance Appeal filed just two days after his January 23, 2012 surgery (id.). And Defendant reasserts that Plaintiff's medication grievances were untimely and he failed to strictly comply with the procedural requirements (id.).

- 6 -

1    With regard to the December 27, 2011 grievance, Defendant asserts that Plaintiff filed
2 nine grievances about medical issues during his confinement; therefore, he knew the
3 grievance process and how to timely submit a grievance (id. at 5). Defendant states that
4 Plaintiff's claim that he did not know when he was to be transported is insufficient to
5 overcome his failure to made a good faith effort to resolve his complaint at the lowest level
6 possible (id.).

   **B.    Analysis**

8    Both parties submit a copy of the February 7, 2012 External Hearing Officer's
9 response (Doc. 24, Ex. A, Attach. 5; Doc. 32, Attach. 3). The question on exhaustion is
10 whether this External Hearing Officer's response constitutes exhaustion of Plaintiff's claim
11 that surgery was not timely scheduled and his claim that he was denied medications
12 recommended by his surgeon.

   **1.  Delay in Scheduling Surgery**

14    Defendant contends that the response form does not represent exhaustion of the delay-
15 in-surgery claim because Plaintiff did not make a good faith effort to resolve this complaint
16 as evidenced by his one-month delay in filing the initial grievance and by his "litigiously
17 yours" signature. The External Hearing Officer's extensive response addresses numerous
18 medical issues related Plaintiff's broken clavicle. First and foremost, it addresses Plaintiff's
19 complaint that his surgery was delayed, which he alleged caused him prolonged pain and
20 unnecessary trauma (Doc. 24, Ex. A, Attach. 5). Although the External Hearing Officer
21 disagreed with Plaintiff's allegation that the delay in scheduling surgery was caused by CHS,
22 the response addressed the merits of Plaintiff's claim, and nowhere is there a finding that
23 Plaintiff's initial grievance concerning the delay in surgery was untimely or that he failed to
24 make a good faith effort to resolve this complaint. Jail officials were obligated to inform
25 Plaintiff if there were any deficiencies with his grievance, and the Court will not permit
26 Defendant to go back now and attempt to reject Plaintiff's grievance or External appeal on
27 procedural grounds never raised at the time. See Brown, 422 F.3d at 937. The evidence
28 demonstrates that the External Hearing Officer's response concluded the grievance

procedure; thus, Plaintiff exhausted his claim alleging that Defendant failed to timely schedule his surgery (see Doc. 24, Ex. A, Hernandez Aff. ¶ 4 & Attach. 5). Defendant's request to dismiss this claim will be denied.

### 2. Delay in Prescribed Medications

The External Hearing Officer's response also addressed Plaintiff's claim that he was denied Percocet, which was recommended by the surgeon following his clavicle surgery (Doc. 24, Ex. A, Attach. 5). The response informed Plaintiff that treatment decisions are at the discretion of the CHS providers and are not grievable, but it nonetheless acknowledged that the surgeon recommended Percocet and that Plaintiff was provided, in the alternative, two pain relievers, Vicodin, Ibuprofen, and a muscle relaxant (id.). Despite the fact that Plaintiff raised his medication complaint for the first time in his External appeal, the Hearing Officer addressed the merits of this complaint and made no mention of untimeliness or procedural deficiencies, such as failure to raise the complaint in his initial grievance. Further, even though Plaintiff had filed initial grievances on January 28 and 29, 2012, about his medication—grievances that were not rejected as untimely (see Doc. 24, Ex. A, Attach. 6)—this subsequent External Hearing Officer response addressed his medication complaint, and it was reasonable for Plaintiff to rely on it and conclude that his medication claim was not grievable and was otherwise exhausted. See Brown, 422 F.3d at 937 (information provided to the prisoner, "such as in the response memoranda . . . is pertinent because it informs our determination of whether relief was, as a practical matter, 'available'"). Again, the Court will not allow Defendant to go back and attempt to reject Plaintiff's grievance or appeal on a procedure ground never raised by jail officials during the grievance process.

Defendant's request to dismiss Plaintiff's medication claim for nonexhaustion will therefore be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 24) and Plaintiff's Motion for the Court to Rule of Plaintiff's Response (Doc. 35).

(2) Plaintiff's Motion for the Court to Rule on Plaintiff's Response (Doc. 35) is **granted**.

(3) Defendant's Motion to Dismiss (Doc. 24) is **denied**.

DATED this 30th day of April, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge