1    **WO**                                                                    JDN

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Cory Allen Hughes,                    )    No. CV 12-0697-PHX-GMS (LOA)
                                           )
10                  Plaintiff,             )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Joseph M. Arpaio, et al.,             )
                                           )
13                  Defendants.            )
                                           )
14   _____)

15          Plaintiff Cory Allen Hughes brought this civil rights action under 42 U.S.C. § 1983

16   against Dr. Friedman, a physician at the Maricopa County Jail (Doc. 1).[1]  Before the Court

17   are Dr. Friedman's Motion to Dismiss for Failure to Participate in Discovery and Failure to

18   Prosecute (Doc. 63) and Motion for Ruling (Doc. 68).

19          The Court will grant the Motion to Dismiss, deny the Motion for Ruling as moot, and

20   terminate the action.

21   **I.    Background**

22          Hughes' claim arose during his confinement at the Fourth Avenue Jail in Phoenix,

23   Arizona (Doc. 1).  He averred that when he entered the jail, there were orders from an

24   orthopedic surgeon for Hughes to return quickly to the Maricopa Medical Center for surgery

25   on his broken clavicle (id. at 3).  Hughes alleged that Dr. Friedman was indifferent to Hughes

26   _____

27          [1]On screening, the Court dismissed Arpaio, the Maricopa County Sheriff's Office
     (MCSO), the Maricopa County Jail Security/Hospital Scheduling Staff, and Correctional
28   Health Services (CHS) as Defendants (Doc. 9).

medical needs because he did not follow the surgeon's order and, as a result, during Hughes' subsequent surgery, the surgeon had to remove bone growth, which caused excessive trauma (id.).  Hughes further alleged that Dr. Friedman refused to order the medications that were prescribed by the surgeon (id.).

On July 23, 2013, Dr. Friedman filed his Motion to Dismiss for Failure to Participate in Discovery and Failure to Prosecute (Doc. 63).  Dr. Friedman asserts that Hughes has not responded to various discovery requests that were propounded in May 2013, nor has he provided a signed authorization for medical releases that was requested on June 21, 2013 (id. at 2).  Dr. Friedman states that he sent Hughes a good-faith effort letter in July 2013 requesting the status of the outstanding discovery responses and medical releases but has not yet received a response (id.).  Dr. Friedman further states that Hughes failed to appear without explanation to a scheduled deposition in June 2013 and failed to respond to a subsequent letter regarding his failure to appear (id. at 3).

Dr. Friedman submits that Hughes' failure to participate in discovery, to contact defense counsel, or to prosecute this case in any way since his release from prison in May 2013 demonstrates that Hughes has abandoned this case (id. at 3-4; see Doc. 55).  Dr. Friedman moves the Court to dismiss the case with prejudice (Doc. 63 at 4).

On July 24, 2013, the Court issued an Order notifying Hughes of Dr. Friedman's motion and informing him that if the motion is granted, it will end his case (Doc. 65).  This Order directed Hughes to file a response by August 26, 2013, and informed him that a failure to respond could be treated as a consent to the granting of the motion (id. at 2).  Hughes did not file a response.

Meanwhile, the Court granted Dr. Friedman's request to extend the time in which to depose Hughes, and a second deposition scheduled for August 30, 2013; Hughes was served notice of the deposition on July 29, 2013 (Doc. 67).

On September 6, 2013, Dr. Friedman filed a Motion for Ruling and stated that Hughes did not appear for the August 30, 2013 deposition or otherwise explain his absence (Doc. 68 at 2).  The Motion for Ruling renews the request to dismiss the action for failure to prosecute

1    (id.).

2         To date, Hughes has not filed a response to the Motion for Ruling.

3    **II.**     **Governing Standard**

4         Dr. Friedman moves for dismissal under Federal Rule of Civil Procedure 41(b) (Doc.

5    63). Under Rule 41(b), a district court has authority to dismiss a plaintiff's action because

6    of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v.

7    Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to

8    dismiss a case sua sponte for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

9    (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order

10    of the court).

11         Before dismissal for failure to prosecute or failure to comply with court orders, the

12    Court must consider the following factors: "(1) the public's interest in expeditious resolution

13    of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

14    defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

15    availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,

16    460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying the five

17    factors); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (same). If the court

18    does not consider these factors, the record may be reviewed independently on appeal for

19    abuse of discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

20    **III.**     **Analysis**

21         Here, the first two factors favor dismissal. "[T]he public's interest in expeditious

22    resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,

23    990 (9th Cir. 1999), and the second factor favors dismissal in most cases. Wanderer v.

24    Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Scheduling orders control the course of action

25    in a case, and disregard of a scheduling order "would undermine the court's ability to control

26    its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the

27    cavalier." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

28    Hughes has ostensibly lost interest in prosecuting his action, and his failure to participate in

1    discovery and litigation hinders the Court's ability to move this case toward disposition. <u>See</u>
2    <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004) (noting that "resources
3    continue to be consumed by a case sitting idly on the court's docket"); <u>Ferdik</u>, 963 F.2d at
4    1261 (district courts have inherent power to manage their dockets without being subject to
5    noncompliant litigants).

6         The third factor also favors dismissal.  There is no risk of prejudice to Dr. Friedman
7    in dismissing this action.  Indeed, prejudice to the defendant is presumed from unreasonable
8    delay.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (internal citation omitted).
9    Hughes' refusal to respond to discovery requests has prevented Dr. Friedman from accessing
10   material discoverable evidence, which prevents a decision on the merits if this case proceeds
11   to trial.  <u>See</u> <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1097
12   (9th Cir. 2007).

13        Public policy favors disposition of cases on their merits, so the fourth factor weighs
14   against dismissal.  <u>Pagtalunan</u>, 291 F.3d at 643.

15        The final factor requires the Court to consider the availability of less drastic sanctions.
16   Dismissal is a drastic sanction, <u>see</u> <u>Ferdik</u>, 963 F.2d at 1260, and dismissal for discovery
17   violations is authorized only in "extreme circumstances." <u>In re Exxon Valdez</u>, 102 F.3d 429,
18   432 (9th Cir. 1996) (citations omitted).  When an adverse party fails to cooperate in
19   discovery, the party seeking discovery may move to compel disclosure or discovery.  Fed.
20   R. Civ. P. 37(a)(1).  Dr. Friedman did not move to compel disclosure or discovery; instead,
21   he moves for dismissal—the harshest sanction available.  Generally, a motion to dismiss
22   before an attempt to compel discovery would be premature.

23        But when addressing Dr. Friedman's request for dismissal under Rule 41(b), the Court
24   considers Hughes' failure to respond to discovery requests in conjunction with his failure to
25   respond to Dr. Friedman's motions and his failure to show any intent to litigate his claims.
26   Hughes was specifically warned that his failure to respond to the Motion to Dismiss could
27   be treated as a consent to the granting of the motion and judgment against him (Doc. 65 at
28   2).  Prior to this warning, the Screening Order notified Hughes that failure to comply with

a Court order could lead to dismissal of the action (Doc. 9 at 7), and the Scheduling Order explained to Hughes that responses to discovery must be filed within the time provided by the Rules of Civil Procedure (Doc. 38 at 2).

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise[.]"

In summary, four of the five factors support dismissal. The Motion to Dismiss will be granted except to the extent that Dr. Friedman seeks dismissal with prejudice. The Complaint will be dismissed without prejudice, and the Motion for Ruling will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Dr. Friedman's Motion to Dismiss (Doc. 63) and Motion for Ruling (Doc. 68).

(2) Defendant Dr. Friedman's Motion to Dismiss (Doc. 63) is **granted**; the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(3) Defendant Dr. Friedman's Motion for Ruling (Doc. 68) is **denied as moot**.

(4) The Clerk of Court must terminate the action.

DATED this 7th day of October, 2013.

G. Murray Snow
United States District Judge